Maurice COLEMAN *v.* STATE of Arkansas

CA CR 84-192                                   688 S.W.2d 313

Court of Appeals of Arkansas
Division I
Opinion delivered May 1, 1985
[Rehearing denied May 29, 1985.]

*Bill E. Ross,* for appellant.

*Steven Clark,* Att'y Gen., by: *Joyce Rayburn Greene,* Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. On September 9, 1980, the appellant entered guilty pleas to the crimes of burglary and theft of property in case number CR80-174A and breaking or entering and theft of property in case number CR80-179. Imposition of sentence in both cases was suspended for a period of five years, subject to certain conditions, including payment of costs, restitution, and a fine. As a further condition, the appellant was required to serve six months in the Mississippi County jail.

A felony information was filed on October 26, 1983, charging the appellant with the crimes of burglary and theft of property. The State filed a petition to impose sentence in cases CR80-174A and CR80-179. The trial court granted the State's motion, based on the fact that the appellant was found guilty of burglary in connection with the charges filed against him in October, 1983. The court sentenced him to two twenty-five year terms which were to run consecutively to the sentence (5 years) imposed in CR83-321, the case filed in October, 1983. From that decision, comes this appeal.

On appeal, the appellant argues that, on September 9, 1980,

in cases number CR80-174A and CR80-179, the court sentenced him to two five-year terms in prison, but suspended the sentences. Therefore, says the appellant, upon revocation, the court could only sentence him to the balance remaining on those sentences. We disagree.

The judgments in the above-referenced cases are clear in indicating that suspension of imposition of sentence was ordered. The appellant argues, however, that because one of the conditions of the suspended imposition of sentence required the appellant to serve six months in the county jail, the sentence was actually imposed, thus limiting the court, on revocation, to a sentence of the balance remaining on the five-year sentences.

Under Ark.Stat.Ann., Section 41-1201 (Repl. 1977), the court was authorized to suspend imposition of sentence, subject to certain conditions. Section 41-1204(1) authorizes the court, as a condition of probation or suspended imposition of a sentence, to require a period of confinement in an authorized local detention facility, and subsection (3) limits the "period actually spent in confinement" to "ninety (90) days in the case of a felony, . . ." It appears that in CR80-174A and CR80-179, the appellant entered guilty pleas to four felonies. Arkansas Statutes Annotated, Section 41-1204(3) may allow stacking of the 90 day sentences that may be imposed as a condition of the suspended imposition of sentence (which point is not argued by the State on appeal), but even if it does not, we find no merit to the appellant's argument. As noted above, subsection (3) limits *the period actually spent in confinement* to ninety days, and we find nothing in the abstract of pleadings and testimony to indicate that the appellant ever served even one day of the six month concurrent sentences which were imposed as conditions of the suspended imposition of sentences. Therefore, we find this point to be without merit.

The appellant argues that he should be given credit for jail time of six months against the sentences imposed upon revocation. Again, we are unable to determine whether the appellant ever served any of the six months, so, even assuming that he would be entitled to such credit, he has not demonstrated his entitlement to it. See Ark.Stat.Ann., Section 41-904 (Repl. 1977).

The appellant also argues that even assuming the court could sentence the appellant to more than the balance of the five years

remaining on his original sentences, the sentences imposed, two twenty-five year terms, were in excess of that authorized by law. We agree with the appellant that the court could not have sentenced him to fifty years in prison on the crimes charged, but we do not agree that the appellant could not have been sentenced to a total of twenty-five years.

The appellant contends that in case number CR80-174A, he was found guilty of burglary and misdemeanor theft. The judgment does not mention the grade of the theft charge, and the record does not otherwise inform us whether the theft was a felony or misdemeanor. In case number CR80-179 the same situation arises; the judgment does not mention felony or misdemeanor as regards the theft charge. However, before sentencing the appellant after the revocation hearing, the trial judge reminded the appellant that he had told him in 1980, when imposition of sentence was suspended, that if he violated the conditions of his suspension he could be sentenced to as much as forty-five years. At the time of the commission of the offenses which resulted in the charges in the two earlier cases, burglary was a class B felony, and the imprisonment range was three to twenty years; felony theft of property, a class C felony, carried an imprisonment range of two to 10 years; and breaking or entering, a class D felony, carried a five year maximum sentence. When the court imposed the sentences in the two cases, there was no specification as to what term of years was being imposed for each crime; the court stated that it was revoking in both cases and was imposing sentences of twenty-five years, to run consecutive to the five year term the appellant received in the 1983 case. We are unable to discern what the trial court intended.

It is clear that the court could have sentenced the appellant to twenty years on the burglary in CR80-174A and five years on the breaking or entering in CR80-179, running those sentences consecutive to each other and to the five year sentence imposed in CR83-321. Also, if the thefts were felonies, up to ten years could have been imposed in each case. Since we are unable to discern what the trial court intended, we remand to the trial court with instructions to state which sentences are being imposed; i.e., burglary, burglary and theft, burglary and breaking or entering, or some other combination. The appellant should be allowed, at that time, to present his argument concerning credit for the six months served in the county jail (presuming he served any of that

time).

Reversed and remanded.

CLONINGER and GLAZE, JJ., agree.